Filed 7/21/23  P. v. Rivers CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B324417 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA123495) |
| v. | |
| JUSTICE RIVERS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Rob B. Villeza, Judge.  Reversed and remanded.

Ellen M. Matsumoto, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan S. Pithey, Assistant Attorney General, Stephanie A. Miyoshi and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Justice Rivers appeals from the superior court's order denying his petition for resentencing under Penal Code section 1172.6[1] as to his attempted murder conviction. Appellant contends, and the People concede, that the superior court's order should be reversed for the court to consider section 1172.6's recent amendments. We agree and therefore reverse the superior court's order denying Appellant's resentencing petition and remand for the court to consider the petition.

## BACKGROUND

In 2019, Appellant and two other codefendants were involved in a shooting at an apartment complex in Pomona, California. In 2020, the Los Angeles County District Attorney's Office charged Appellant with five counts of attempted murder (§§ 664, 187, subd. (a)), five counts of shooting at an inhabited dwelling (§ 246), and one count of second degree robbery (§ 211). Appellant received a firearm enhancement for each attempted murder count under section 12022.53, subdivisions (b), (c) and (e)(1), as well as a gang enhancement under section 186.22, subdivision (b)(1)(C). As to each count of shooting at an inhabited dwelling and the robbery count, Appellant also received a firearm enhancement under section 12022.5, subdivision (a), and a gang enhancement under section 186.22, subdivision (b)(4). As to the robbery count, Appellant received a firearm enhancement under section 12022.53, subdivisions (b) and (e)(1), and a gang enhancement under section 186.22, subdivision (b)(1)(C).

On March 9, 2021, Appellant pleaded no contest to one count of attempted murder and one count of second degree

_____

[1] All citations are to the Penal Code unless noted otherwise.

2

robbery. The trial court sentenced Appellant to a total of nine years in prison.

Before his plea, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) amended California law to ensure that "murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch.1015, § l, subd. (f).) Senate Bill 1437 also allowed defendants who were convicted under the prior murder statutes to petition for resentencing. Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775) later extended resentencing relief to people convicted of attempted murder, but it was not yet in effect at the time of Appellant's plea.

On February 14, 2022, Appellant filed a petition for resentencing under section 1172.6. The trial court denied the petition because it reasoned that at the time of his plea, Appellant already had the benefit of Senate Bill 1437. At the trial court hearing, Appellant's defense counsel argued that Appellant pled before Senate Bill 775 had defined that persons convicted of attempted murder could also seek resentencing.

Appellant timely appealed.

## DISCUSSION

### I. The Superior Court Erred in Denying Appellant's Resentencing Petition

The California Legislature enacted Senate Bill 1437 to " 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major

3

participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.) Senate Bill 1437 did this by amending section 188, which defines malice, and section 189, which defines the degrees of murder. (Stats. 2018, ch. 1015, §§ 2, 3.) Amended section 188 states: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (*Id.*, subd. (a)(3).) Amended section 189 states: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] [or] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (*Id.*, subd. (e).)

Senate Bill 1437 also established resentencing relief for eligible defendants. (§ 1172.6, subd. (a), former § 1172.95; *People v. Strong* (2022) 13 Cal.5th 698, 707–708.) Under section 1172.6, subdivision (a), "[a] person convicted of felony murder or murder under the natural and probable consequences theory . . . may file a petition" with the sentencing court to have his or her murder conviction vacated and to be resentenced on any remaining counts "when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory

4

of felony murder, murder under the natural and probable consequences doctrine . . . . [¶] (2) The petitioner was convicted of murder or attempted murder . . . following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder. [¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019" under Senate Bill 1437. (§ 1172.6, subd. (a).) After receiving a petition containing the required information, "the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' " (*Strong*, at p. 708 [citing § 1172.6, subd. (c)].) If the defendant makes a prima facie showing for relief, the court must issue an order to show cause and hold an evidentiary hearing. (§ 1172.6, subds. (c), (d)(3).)

In enacting Senate Bill 775, the Legislature defined "that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Sen. Bill No. 775 (2021–2022 Reg. Sess.), as amended Oct. 5, 2021, p. 3; Stats. 2021, ch. 551, §§ 1–2.) Thus, as amended by Senate Bill 775, section 1172.6 applies to persons previously convicted of attempted murder or manslaughter under a felony murder or natural and probable consequences theory, or some "other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a).)

Appellant argues and the Attorney General concedes that at the time of his plea, Senate Bill 1437 did not expressly include

attempted murder.  Moreover, when Appellant entered his plea, there was a split in authority over whether attempted murder was included in section 1172.6.  (See, e.g., *People v. Sanchez* (2020) 46 Cal.App.5th 637 [holding that attempted murder is included in Sen. Bill 1437]; *People v. Lopez* (2019) 38 CalApp.5th 1087 [holding that attempted murder is not included in Sen. Bill 1437].)  Before the Supreme Court could resolve the issue, the Legislature passed Senate Bill 775 to explicitly extend section 1172.6's benefits to persons convicted of attempted murder.  Consequently, Appellant is entitled to a remand for further proceedings regarding his attempted murder conviction.  Given the change in law, the trial court must consider Appellant's petition on remand as the court's basis for denial was erroneous.

## DISPOSITION

The trial court's order denying Appellant's section 1172.6 petition is reversed and the matter is remanded for the trial court to consider the petition in accordance with section 1172.6.


VIRAMONTES, J.


We Concur:


STRATTON, P. J.


WILEY, J.